IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELISABETH BOEYNAEMS, et al.** | : | **CIVIL ACTION** |
| v. | : | **Case No. 10-cv-2326-MMB** |
| **L.A. FITNESS INTERNATIONAL, LLC** | : | |
| **JOSHUA VAUGHN** | : | **Case No. 11-cv-2644-MMB** |
| v. | : | |
| **L.A. FITNESS INTERNATIONAL, LLC** | : | |
| **AMALIA SIBLE** | : | **Case No. 13-cv-0255-MMB** |
| v. | : | |
| **L.A. FITNESS INTERNATIONAL, LLC** | : | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on September 19, 2013 (the "Settlement Hearing"), upon consideration of the motion of Plaintiffs Kenneth J. Silver, Joshua Vaughn, Lori C. Bohn, Sharon N. Lockett, Justin P. Bronzell, and Amalia Sible (collectively, "Plaintiffs") to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 6, 2013 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiffs, on behalf of themselves and the Settlement Classes as defined in the Stipulation, against Defendant L.A. Fitness International, LLC ("Defendant", "LAF" or "the Company"), in the class action complaints (the "Complaints") now pending in this Court in the above-captioned

Case 2:10-cv-02326-MMBBD Document 86   Filed 09/22/13   Page 2 of 91

consolidated class actions (the "Actions"), and should be approved; and whether judgment should be entered dismissing the Complaints on the merits and with prejudice in favor of Defendant and as against all persons who are members of the Settlement Classes herein who have not requested exclusion therefrom. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the forms approved by the Court was distributed to all persons reasonably identifiable who cancelled their Monthly Dues Membership Agreement with LA Fitness during the Class Period of May 18, 2006 to January 1, 2013, except those persons excluded from the definition of the Settlement Class, as shown by the records of LAF, at the respective email or and/or mailing addresses set forth in such records, and notice of the Settlement Hearing substantially in the form approved by the Court was published on the website www.usgymsettlement.com, pursuant to the specifications of the Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.     This Order and Final Judgment ("Judgment") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction to enter this Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.     For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of

Case 2:10-cv-02326-MMBD Document 83-6   Filed 08/22/13   Page 3 of 91

Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and continue to represent the interests of the Settlement Classes; (e) the questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members of the Settlement Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action for purposes of settlement only on behalf of the Settlement Class as that class is defined in Section 1.34 of the Settlement Agreement. Excluded from the Settlement Class are the persons and/or entities who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

5.      Pursuant to Fed. R. Civ. P. 23(c)(5), for purposes of settlement only, this Court hereby finally certifies Subclass "A" as that subclass is defined in Section 1.37 of the Settlement Agreement.

6.      Pursuant to Fed. R. Civ. P. 23(c)(5), for purposes of settlement only, this Court hereby finally certifies Subclass "B" as that subclass is defined in Section 1.40 of the Settlement Agreement.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for purposes of settlement only, Plaintiffs, Kenneth J. Silver, Joshua Vaughn, Lori C. Bohn, Sharon N. Lockett, Justin P. Bronzell, and Amalia Sible, as Class Representatives of the Settlement Class, Subclass A, and Subclass B, and appoints Berger & Montague, P.C. as Class Counsel.

Case 2:10-cv-02326-MMB   Document 83-6   Filed 09/22/13   Page 4 of 11

8.  In accordance with the Stipulation, and the Preliminary Approval Order, Defendant, through the Claims Administrator, Gilardi & Co., LLC : (a) emailed the Notice dated May 11, 2013 to members of the Settlement Classes for whom Defendant had an email address in its records, (b) mailed a Postcard Notice to members of the Settlement Class for whom Defendant did not have an email address in its records but had a mailing address, and (c) caused a copy of the Notice to be published electronically on the Claims Administrator's website. Affidavits and/or declarations of emailing of the Notice, mailing of the Postcard Notice, and publication of the Summary Notice were filed with the Court on August 22, 2013.

9.  Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Classes of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

10.  Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that notice of these proceedings was directed to all Class Members who could be identified through reasonable means advising them of the Settlement, the Settlement Benefits, Plaintiffs' Counsel's right to apply for attorneys' fees and reimbursement of litigation expenses associated with the Action, Plaintiffs' request for Incentive Payments, and of each Class Member's right to object thereto, and a full and fair opportunity was accorded to all persons who are Class Members to be heard with respect to the foregoing matters, and that such notice met the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

Case 2:10-cv-02326-MMB-BD Document 85   Filed 09/22/13   Page 5 of 11

11.    It is hereby determined that all Class Members not listed on Exhibit 1 hereto, who did not timely and properly elect to exclude themselves by written communication postmarked or delivered on or before the date set forth in the Notice and the Preliminary Approval Order, are bound by this Judgment.

12.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is in all respects, fair, reasonable, and adequate and in the best interests of the Class Members, including Plaintiffs. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the parties.

13.    Any objections to the Settlement that have been filed have been considered and are hereby overruled.

14.    Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

15.    The complaints in the above-captioned actions, which the Court finds were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, are hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against Defendant.

16.    The Court hereby finds that the proposed Settlement Benefits, as set forth in the Stipulation, are in all respects fair and reasonable, and the Court hereby approves the Settlement Benefits. The Court hereby finds that the granting of the Settlement Benefits that are set forth in the Stipulation provides a fair and reasonable basis upon which to allocate among Class Members the Settlement Benefits established by the Stipulation, with due consideration having

been given to administrative convenience and necessity. The parties to the Stipulation are hereby directed to consummate and perform its terms.

17. No Class Member shall have any claim against Plaintiffs' Counsel, Defendant, Defendant's Counsel, the Claims Administrator, or other agent designated by Defendant's Counsel based on the distributions made substantially in accordance with the Settlement as approved by the Court and further orders of the Court.

18. Plaintiffs and all Class Members are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all Released Claims as set forth in Sections 1.29, 6.1 and 6.2 of the Settlement Agreement. The Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed as against Defendant on the merits and with prejudice by virtue of the proceedings herein and this Judgment. As a result of this Settlement and the releases in it, each member of the Settlement Classes has waived any and all rights that it, he, or she may have under statute, common law principle, or in equity that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of the execution of the Stipulation. Plaintiffs and the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but by operation of this Judgment, Plaintiffs and each Class Member shall have fully, finally and forever settled and released any and all Released Claims.

19. On the Effective Date, LA Fitness shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class Representatives, each and all of the Settlement Class Members, and Class Counsel from all claims, based upon or arising out of the institution, prosecution, assertion, settlement or

resolution of the Settled Actions or the Released Claims, except for enforcement of the Settlement Agreement.

20.     On the Effective Date, Class Members who have not timely and validly requested exclusion shall be deemed unconditionally and forever to release and discharge Plaintiffs and Plaintiffs' Counsel from all claims, liabilities and causes of action, including all claims known or unknown, in connection with Plaintiffs' institution, prosecution or resolution of this Action or Released Claims.

21.     Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

> a.     offered or received against Defendant as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against Defendant in this Action or in any litigation, or of any liability, negligence, or other wrongdoing of any kind by Defendant; Defendant expressly denies that Plaintiffs asserted a valid claim as to it and denies any and all allegations of fault, liability, wrongdoing or damages whatsoever;

> b.     offered or received against Defendant, or against Plaintiffs or any other Class Members, as evidence of, or presumption, concession or admission with respect to, any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Defendant, in any

other civil, criminal or administrative action or proceeding, other than
such proceedings as may be necessary to effectuate the provisions of the
Stipulation; provided, however, that Defendant may refer to it to effectuate
the liability protection granted them hereunder;

c.    construed against Defendant, Plaintiffs or any other Class Members as an
admission, concession, or presumption that the consideration to be given
under the Stipulation represents the amount that could be or would have
been recovered after trial; or

d.    construed against Plaintiffs or any other Class Members as an admission,
concession, or presumption that any of their claims are without merit or
that damages recoverable under the Complaint would not have exceeded
the Settlement Amount.

Notwithstanding the foregoing, Defendant may file this Judgment and/or the Stipulation in any
action that may be brought against them in order to support a defense or counterclaim based on
the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or
reduction or any other theory of claim preclusion or issue preclusion or similar defense or
counterclaim.

22.    The Court reserves jurisdiction, without affecting in any way the finality of this
Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance,
disallowance, or adjustment of any Class Member's claim on equitable grounds; (c) allocation of
the Settlement Benefits; (d) hearing and determining Plaintiffs' Counsel's application for
attorney fees, costs, interest and expenses, including fees and costs of experts and/or consultants;
(e) hearing and determining Plaintiffs' request for Incentive Payments: (f) enforcing and

administering this Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

23.     The Court finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

24.     Members of the Class who have validly and timely requested exclusion may pursue their own individual remedies, if any.

25.     The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

26.     Plaintiffs' Counsel, Berger & Montague, P.C., is hereby awarded attorneys' fees and reimbursement of expenses in the amount of $1,400,000, which sum the court finds to be fair and reasonable. The foregoing awards of fees and expenses shall be made at the time and in the manner provided in the Stipulation. If any other counsel assisted in the prosecution of the Action, Berger & Montague, P.C. shall use its sole discretion to determine the allocations of fees with counsel, if any.

27.     The Court finds the request for attorneys' fees and reimbursement of expenses is reasonable, and the request is supported by the relevant factors, which have been considered by this Court.

28.     Plaintiffs are hereby awarded Incentive Payments of $3,000 each for their efforts on behalf of the Settlement Classes, which sum the court finds to be fair and reasonable. The foregoing Incentive Payments shall be made at the time and in the manner provided in the Stipulation.

Case 2:10-cv-02326-MMB   Document 86   Filed 09/27/13   Page 10 of 11

29.     The Court finds the request for Plaintiffs' Incentive Payments is reasonable, and the request is supported by the relevant factors, which have been considered by this Court.

30.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

31.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

32.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

33. The Clerk shall close this case.

**IT IS SO ORDERED**, this _2_ day of _September_ 2013.

_____
MICHAEL M. BAYLSON
United States District Court Judge

-10-